```
DEBRA W. YANG
United States Attorney
JOHN S. GORDON
Assistant United States Attorney
Chief, Criminal Division
MARK AVEIS (Cal. State Bar No. 107881)
Assistant United States Attorney
Organized Crime Strike Force
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4477
     Facsimile: (213) 894-3713
Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

FILED
CLERK, U.S. DISTRICT COURT
FILED
AUG 27 2002
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

___ Priority
✓ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br>            ) <br>        Plaintiff, ) <br>            ) <br>      v.    ) <br>            ) <br> JOHN EDWARDS, ) <br>            ) <br>        Defendant. ) <br> _____) | No. CR 02-619-ER <br><br> REQUEST FOR CONTINUANCE AND STIPULATION RE CONTINUANCE OF TRIAL DATE AND EXCLUSION OF TIME PURSUANT TO THE SPEEDY TRIAL ACT; [~~PROPOSED~~] ORDER <br><br> Current trial date: 9/3/02 <br> Proposed trial date: 9/24/02 |

IT IS HEREBY STIPULATED AND AGREED by and between plaintiff United States of America, by and through its counsel of record, Assistant United States Attorney Mark Aveis, and defendant, by and through his counsel of record, Deputy Federal Public Defender Angela Parrott, that subject to order of this Court, the trial date be continued to September 24, 2002, at 9:30 a.m., or as soon thereafter as the court may order, as follows:

   1.  Defendant was indicted on June 14, 2002.  Defendant first appeared on June 17, 2002.  Pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 et seq., trial was first set for August 13,


ENTER ON ICMS
AUG 30 2002



U.S v Edwards, CR 02-619-ER
Stipulation/Order for Excludable Time

2002.

2. The indictment charges defendant with seven counts of making false statements to a federally insured lender, a violation of 18 U.S.C. § 1014, and one count of making a false statement to a judicial officer, a violation of 18 U.S.C. § 1001. Approximately 2,700 pages of discovery have been produced by the government, including bank and escrow files regarding the underlying real estate transaction which forms the basis for the false statements counts.

On August 19, 2002 defendant served a motion for a bill of particulars and a motion to dismiss count eight of the indictment. The motions were accompanied by an ex parte request for an order to shorten time in order to have the motions heard on August 26, 2002. Upon the government's receipt (by fax) of the motions, government counsel and defendant's counsel spoke by telephone in an effort to resolve the motions without court intervention. The thrust of the motion for a bill of particulars is defendant's claimed need to clarify specific facts regarding the statements of three borrowers (unindicted co-conspirators) which support the false statements counts. Counsel agreed to personally meet to review the 2,700 pages of discovery to cull evidence necessary for defendant to present his defense and to obviate the need for a court hearing. Counsel further agreed that both parties would benefit by, at the least, likely paring down the issues, if any, to be litigated before trial.

Counsel further agreed that further plea negotiations are

Case 2:02-cr-00619-FMC  Document 30  Filed 08/27/02  Page 3 of 6  Page ID #:23

warranted and that additional time should be made to present the parties' final settlement positions instead of focusing at this time on defendant's motion to dismiss count eight.

Defendant's counsel has further stated that defendant intends to waive jury and that the case, if trial be necessary, can likely be presented to the court in two or three days.

3. Only one prior continuance was requested and granted. Defendant is in custody as a sentenced prisoner based upon prior convictions in July 2001 and a sentence, handed down by this court on July 8, 2002, of 21 months in federal custody.

4. Accordingly, it is requested that the current trial date of September 3, 2002 be continued to September 24, 2002 at 9:30 a.m. The continuance is requested so that defendant may, in addition to the reasons stated above, confer with his attorney, continue to review and evaluate discovery provided by the government in this case, and continue to review the plea agreement to be offered by the government in this case, and, if no plea agreement is reached, to prepare for trial.

5. Accordingly, the period from September 3, 2002 to September 24, 2002, inclusive, shall be deemed an excludable period for the following reasons:

    a. The requested continuance is necessary to allow the defense additional time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(8)(B)(iv).

    b. The ends of justice served by granting the

3
Stipulation/Order for Excludable Time

1. continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A).

    c. The continuance is not based on congestion of the Court's calendar, nor on the lack of diligence on the part of the attorney for the government. 18 U.S.C. § 3161(h)(8)(C).

    d. A failure to grant the continuance would result in a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(B)(i).

6. Defense counsel has conferred with her client regarding the continuance of the trial date and has advised the defendant of his speedy trial rights. The defendant concurs in the requested continuance.

IT IS SO STIPULATED.

DATE: 8/21, 2002

Respectfully submitted,

DEBRA W. YANG
United States Attorney

JOHN S. GORDON
Assistant United States Attorney
Chief, Criminal Division

By /s/
MARK AVEIS
Assistant United States Attorney

DATE: _____, 2002

By /S/ (attached)
ANGELA PARROTT
Attorney for John Edwards

IT IS SO ORDERED.

DATE: AUG 27 2002

/s/ Edward Rafeedie
EDWARD RAFEEDIE
SENIOR UNITED STATES DISTRICT JUDGE

1  continuance outweigh the best interest of the public and the
2  defendant in a speedy trial.  18 U.S.C. § 3161(h)(8)(A).
3        c.  The continuance is not based on congestion of the
4  Court's calendar, nor on the lack of diligence on the part of the
5  attorney for the government.  18 U.S.C. § 3161(h)(8)(C).
6        d.  A failure to grant the continuance would result in
7  a miscarriage of justice.  18 U.S.C. § 3161(h)(8)(B)(i).
8    6.  Defense counsel has conferred with her client regarding
9  the continuance of the trial date and has advised the defendant
10 of his speedy trial rights.  The defendant concurs in the
11 requested continuance.
12   IT IS SO STIPULATED.
13 DATE: _____, 2002      Respectfully submitted,
14                     DEBRA W. YANG
                      United States Attorney
15
                      JOHN S. GORDON
16                       Assistant United States Attorney
                      Chief, Criminal Division
17
18
19                       By_____
                      MARK AVEIS
20                       Assistant United States Attorney
21 DATE: 8/20, 2002
22                       By_____
                      ANGELA PARROTT
23                       Attorney for John Edwards
24   IT IS SO ORDERED.
25 DATE:_____
26                       EDWARD RAFEEDIE
                      SENIOR UNITED STATES DISTRICT JUDGE
27
28                U.S. v. Edwards, CR 02-619-ER
               Stipulation/Order for Excludable Time
          4

# CERTIFICATE OF SERVICE

I, **MICHELLE TABB**, declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**REQUEST FOR CONTINUANCE AND STIPULATION RE CONTINUANCE OF TRIAL DATE AND EXCLUSION OF TIME PURSUANT TO THE SPEEDY TRIAL ACT; [PROPOSED] ORDER**

service was:

[X] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[ ] Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows:

[ ] By hand delivery addressed as follows:

[ ] By facsimile as follows:

[ ] By messenger as follows:

[ ] By federal express as follows:

**ANGELA PARROTT, DEPUTY FEDERAL PUBLIC DEFENDER'S OFFICE**
321 East 2nd Street, Los Angeles, CA 90012

This Certificate is executed on **August 20, 2002**, at Los Angeles, California. I certify under penalty of perjury that the foregoing is true and correct.

MICHELLE TABB