1                   UNITED STATES DISTRICT COURT

2                 CENTRAL DISTRICT OF CALIFORNIA

3                        WESTERN DIVISION

4        THE HONORABLE FLORENCE-MARIE COOPER, JUDGE PRESIDING

5

6    UNITED STATES OF AMERICA,          )
                                        )
7                        Plaintiff,     )
                                        )
8            vs.                        ) NO. CR 02-00619 FMC
                                        )
9    JOHN EDWARDS,                      )
                                        )
10                       Defendant.     )
     _____)

11

12

13

14              REPORTER'S TRANSCRIPT OF PROCEEDINGS

15                   Los Angeles, California

16

17           Wednesday, February 18, 2009, 3:11 P.M.

18

19      Continuance of Revocation of Supervised Release Hearing

20

21

22                              PAT CUNEO, CSR 1600-CRR-CM
                                Official Reporter
23                              Roybal Federal Building
                                255 East Temple Street
24                              Room 181-E
                                Los Angeles, CA  90012
25                              (213) 617-1817
                                grammacuneo@aol.com

1   **APPEARANCES:**

2   **FOR THE PLAINTIFF:    THOMAS P. O'BRIEN**
                           **UNITED STATES ATTORNEY**
3                          **BY:  MARK AVEIS**
                           **ASSISTANT UNITED STATES ATTORNEY**
4                          **United States Courthouse**
                           **312 N. Spring Street**
5                          **Los Angeles, California 90012**
                           **(213) 894-4477**
6

7   **FOR THE DEFENDANT:   JOHN EDWARDS, PRO SE**

8

9   ALSO PRESENT:         BILLY MOFFETT
                          U.S. PROBATION OFFICER
10                         (818) 346-0115

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1    LOS ANGELES, CALIF.; WEDNESDAY, FEBRUARY 18, 2009; 3:11 P.M.

 2                              -oOo-

 3            THE CLERK:  Calling Criminal Case 02-619 FMC,

 4    United States of America vs. John Edwards.

 5            Please state your appearances.

 6            MR. AVEIS:  Good afternoon, Your Honor.

 7    Mark Aveis for the United States with U.S. Probation Officer

 8    Billy Moffett.

 9            MR. MOFFETT:  Good afternoon, Your Honor.

10            THE COURT:  Good afternoon.

11            DEFENDANT EDWARDS:  Good afternoon, Your Honor.

12    John Edwards.

13            THE COURT:  I've just been handed a document from

14    the defendant, an application to continue this hearing.

15    That request is denied.  We are going forward today.  We are

16    getting this resolved today.

17            The application, quite remarkably, says the matter

18    has been continued four times at petitioner's request; and

19    petitioner is identified as the government in this paper.

20            The matter has been continued four times, three of

21    them were at the request of the defendant so he could obtain

22    counsel.  One request was a stipulation possibly requested

23    by the government.  My notes are not clear.

24            But according to my notes, we have put this matter

25    over time and time and time again, Mr. Edwards, so that you
```

1    could get an attorney which you have never done.

2            We're going forward today so what are we doing,

3    counsel?

4            MR. AVEIS:  I believe the defendant will be asked

5    to either admit or deny the allegations and then I assume

6    he's going to deny and we'll have it set for an evidentiary

7    hearing.

8            THE COURT:  Okay.

9            DEFENDANT EDWARDS:  Your Honor, before I deny the

10   allegations, I'd like to inform the court of something.

11           I actually have the transcripts of each one of

12   those hearings, and I've highlighted in the transcripts

13   where the government, U.S. Attorney Mark Aveis, has asked

14   for the continuances.  That's where I got that count from.

15   I just didn't object to them, obviously, because I

16   thought --

17           THE COURT:  According to my notes, you wanted to

18   get a lawyer.  Time and again, you've told me "I think I

19   need an attorney" --

20           DEFENDANT EDWARDS:  Yes.

21           THE COURT:  -- and you wanted to put it over so

22   that you could get an attorney and you couldn't proceed

23   without one.

24           DEFENDANT EDWARDS:  Yes.  And that's why, of

25   course, I concurred with the government's request for a

1    continuance; and the government was proposing a settlement

2    and I was in hopes of working that out.

3            THE COURT:  Well --

4            DEFENDANT EDWARDS:  I have had a chance to review

5    the facts and circumstances of that, and I think I'm pretty

6    safe going without an attorney so at this point in time I'm

7    going ahead without an attorney.  I'll represent myself.

8            THE COURT:  Okay.

9            DEFENDANT EDWARDS:  And I deny the allegations.

10           THE COURT:  All right.

11           Now, let me just tell you what the allegations are

12   so we have a clear record of what's being denied.

13           There is a petition containing two allegations of

14   violations of supervised release.  The first is that you

15   were ordered not to commit any other offense and you were

16   arrested -- a warrant was issued for your arrest for petty

17   theft in February 6, 2007.

18           Do you deny or admit that, sir?

19           DEFENDANT EDWARDS:  I deny having been arrested.

20           THE COURT:  Okay.  And I didn't read it properly

21   so let me read it more carefully.

22           DEFENDANT EDWARDS:  Yes.

23           THE COURT:  Having been ordered by the court not

24   to commit another federal, state, or local crime, on

25   February 6, 2007, a warrant was issued for John Edwards'

1  arrest for violation of Section 666 of the California Penal

2  Code, petty theft.

3           Do you --

4           THE DEFENDANT:  And it's in my application.  It's

5  a hard question to answer.

6           THE COURT:  Do you know if a warrant was issued?

7           DEFENDANT EDWARDS:  It just says a warrant was

8  issued, and that's not a violation of my probation so I deny

9  violating my probation.

10          THE COURT:  Okay.  And I think you're right as

11  it's worded, it does not indicate a violation.  It simply

12  indicates a warrant was issued.  So that's rather academic.

13  I don't think we need to enter an admission or denial of

14  that.

15          The second says that having been ordered by the

16  court to submit a truthful and complete written report

17  within the first five days of each month, you failed to

18  submit a truthful monthly supervision report for the month

19  of December 2006.

20          Do you admit or deny that?

21          THE DEFENDANT:  I deny that.  Let me clarify that

22  as well.  That's a confusing statement.  It doesn't say

23  clearly whether I didn't submit the reports.

24          THE COURT:  It says you failed to submit a

25  truthful report.

1          THE DEFENDANT:  A truthful report.  I deny not
2   being truthful on the report.
3          THE COURT:  All right.
4          THE DEFENDANT:  I also deny not filing the report.
5          THE COURT:  All right.
6          I'll indicate the denial of Allegation No. 2 and I
7   will dismiss Allegation No. 1 as simply not indicating any
8   violation of conduct on the part of the defendant.
9          Do we need to set the matter for hearing?  Are we
10  prepared to go forward with evidence at this time?
11         DEFENDANT EDWARDS:  I'd like to set the matter for
12  hearing, Your Honor, because I don't have all the discovery
13  at this point.
14         THE COURT:  We're talking about one report for one
15  month.  Do you have a copy of that report?
16         DEFENDANT EDWARDS:  I was just now handed a copy
17  of that report.
18         THE COURT:  Okay.
19         Mr. Aveis.
20         MR. AVEIS:  We've, as the court knows, had this
21  matter pending for nine months or so.  Six, seven, eight
22  months, however many.  But Mr. Edwards has had an
23  opportunity throughout the time to ask.
24         We did just now provide him with it; but it's no
25  surprise what specifically we're dealing with.  It's the

1   last page of his report of December of '06.  It's dated

2   actually January 26, '07.

3           And the specific questions that relate to the

4   allegation that they were not truthful or complete were:

5           One:  "Were you questioned by law enforcement?"

6           And he checked "No."

7           The next:  "Were you arrested or named as a

8   defendant in any criminal case?"

9           And he checked "No."

10          And the arrest that's relevant here or the

11  particular event was December preceding that month.

12          So that's what at issue here and he's had all that

13  discovery so I don't know what he additionally wants but I

14  do think that -- I did hear something today for the first

15  time, Your Honor.

16          Mr. Edwards said yesterday he had that charge

17  dismissed; and what I mean specifically is that he advised

18  that he must have appeared in court, I believe, in Burbank

19  Superior Court and the charge which had been filed was

20  dismissed there.

21          He said that it was dismissed because he provided

22  a receipt.  It was a shoplifting charge which purportedly

23  the receipt had to do with a bona fide payment for the

24  goods.  This is total news to us, but we do need to check to

25  see if, in fact, that occurred.

```
 1              It may change everything, of course.
 2              THE COURT:  Okay.
 3              MR. AVEIS:  So we'd like reciprocal discovery and
 4    I think that really is the more important fact here.
 5              THE COURT:  Certainly.
 6              This is going to be the last continuance of this
 7    matter.  How much time?
 8              MR. AVEIS:  I think we can wrap it up in 30 days.
 9              THE COURT:  Okay.  Is that all right with you,
10    Mr. Edwards?
11              DEFENDANT EDWARDS:  That's fine with me, Your
12    Honor.
13              THE COURT:  All right.
14              You need to provide the government with whatever
15    evidence you presented to the Superior Court in order to get
16    the case dismissed.  If you've got receipts, give them
17    copies.
18              If you have an order from the court indicating the
19    case is dismissed with your case number and the date and
20    whatever you have, provide it to the government.
21              DEFENDANT EDWARDS:  I will.
22              THE COURT:  Do you have it with you today?
23              DEFENDANT EDWARDS:  No, I don't.  I might mention
24    that I called the court this morning to get a certified copy
25    of the transcript indicating the dismissal, and they told me
```

1    they were backlogged.  It just wasn't available today which

2    was another reason for my asking for a --

3              THE COURT:  By next Friday, a week from tomorrow,

4    provide that information to the government.  Anything the

5    government has concerning these charges, the defendant

6    probably already has it.  But if not, turn it over no later

7    than next Friday; and we'll continue the matter for hearing

8    to what date, Alicia?

9              THE CLERK:  About 30 days?

10             THE COURT:  Yes.

11             THE CLERK:  We can do it Wednesday, March 18 at

12   2:30.

13             MR. AVEIS:  I'm sorry.  March 18?

14             THE COURT:  Yes.

15             MR. AVEIS:  That's fine.

16             THE COURT:  2:30, Wednesday, March 18.

17             All right.  I will see you then.

18             MR. AVEIS:  Thank you.

19             DEFENDANT EDWARDS:  Thank you, Your Honor.

20             *(At 3:19 p.m. proceedings were concluded.)*

21

22                          -oOo-

23

24

25

1                          CERTIFICATE

2

3          I hereby certify that pursuant to Section 753,

4    Title 28, United States Code, the foregoing is a true and

5    correct transcript of the stenographically reported

6    proceedings held in the above-entitled matter and that the

7    transcript page format is in conformance with the

8    regulations of the Judicial Conference of the United States.

9
     Date:  February 20, 2009
10

11

12                              _____

13                              PAT CUNEO, OFFICIAL REPORTER
                                CSR NO. 1600
14

15

16

17

18

19

20

21

22

23

24

25